# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JEFFREY GRAY,

    *Plaintiff,*

v.

CHRIS WRIGHT, Chief of the Blackshear Police Department, in his individual capacity,

    *Defendant.*

Civil Action No.: _____

**COMPLAINT FOR CIVIL RIGHTS VIOLATION**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. U.S. Army veteran Jeffrey Gray did not have city officials' permission when he stood outside Blackshear City Hall—alone—holding a sign reading "God Bless the Homeless Vets." For this, Blackshear Police Chief Chris Wright issued a criminal citation against Gray for violating Blackshear's ordinance against holding a "parade, procession, or demonstration" without the Blackshear City Council's permission.

2. But the First Amendment is Gray's permission slip. Indeed, a half century ago, the United States Supreme Court made this clear by striking down an almost-identical ordinance in Birmingham, Alabama. The Supreme Court ruled that the ordinance violated the First Amendment by giving local officials unbridled discretion to deny permits to hold "a parade, procession or other public demonstration." *Shuttlesworth v. Birmingham*, 394 U.S. 147, 150–54 (1969) (reversing conviction of minister who peacefully led 52 protestors in civil rights march without required permit).

3. Chief Wright enforces the ordinance requiring the Blackshear City Council's permission to hold demonstrations. And in this instance, Chief Wright

wrongly enforced the ordinance—intended to regulate demonstrations by "any group of persons"—against Gray, a lone, peaceful demonstrator.

4. Chief Wright thereby violated Gray's First Amendment rights when he erroneously applied Blackshear Code of Ordinances §§ 66-71 to 66-73 to punish Gray and chill his speech.

5. Gray files this suit to vindicate his right to engage in freedom of expression on the sidewalk in front of Blackshear City Hall without first obtaining the consent of Blackshear's elected officials.

## JURISDICTION AND VENUE

6. This action arises under the First and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

7. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and Local Rule 2.1(a) because a substantial part of the events alleged here occurred in Pierce County, which is located in the Waycross Division of the Southern District of Georgia.

## THE PARTIES

9. Plaintiff Jeffrey Gray is a citizen of the United States and a resident of St. Johns County, Florida. As a veteran of the United States Army, he believes in raising awareness of the plight of homeless veterans, protecting constitutional rights, and ensuring that law enforcement officers honor their oath "to support and defend" the United States Constitution. On August 18, 2021, officers employed by the City of Blackshear ignored that oath when they issued a criminal citation to Gray for engaging

in a one-man demonstration on public property without permission of the Blackshear City Council.

10. Defendant Chris Wright is the Chief of the Blackshear Police Department. Chief Wright's duties include seeing to the "proper service of all . . . citations" and ensuring that the city's ordinances are "faithfully enforced." On August 18, 2021, Chief Wright applied a Blackshear ordinance to Gray's expressive activity, citing him for holding a demonstration without authorization of the Blackshear City Council, in violation of Gray's First Amendment rights. At all times relevant to the Complaint, Chief Wright acted under the color of law. Chief Wright is sued in his individual capacity.

## FACTUAL ALLEGATIONS

### *Gray engaged in political expression outside of Blackshear City Hall.*

11. On August 18, 2021, Gray stood on the public sidewalk in front of Blackshear City Hall holding a sign reading "God Bless the Homeless Vets."

12. Gray was alone as he held his sign outside City Hall.

13. Shortly after Gray began holding his sign outside of Blackshear City Hall, Chief Wright approached Gray and asked if he was "trying to demonstrate a little bit?"

14. Gray confirmed to Chief Wright that he was engaged in a demonstration.

15. In response, Chief Wright told Gray that he "can do it" but that Gray needed "to get a permit first to demonstrate on any public property," explaining that the law was "kind of silly, but that's what the rules are."

16. Chief Wright explained that Gray would need to "send a letter to the city" identifying the "cause" and wait for the City Council to issue a permit.

17. Using his cell phone, Chief Wright read from and showed Gray three sections of Article III ("Parades and Demonstrations") of Chapter 66 of the Blackshear Code of Ordinances. *See infra* ¶¶ 23–27 and Ex. A.

18. Gray chose to stay in front of City Hall to continue his demonstration.

19. At Chief Wright's direction, Officer Charlie Wichman issued a criminal citation to Gray for violating the ordinances.

20. While citing Gray, Officer Wichman compared Gray's demonstration to a local itinerant preacher's regular demonstrations, but said the preacher didn't require a permit because he did not demonstrate "on city-owned property."

21. As a result of the citation, Gray discontinued his expressive activity.

22. The citation was subsequently dropped without explanation.

### *The City of Blackshear's permitting ordinances require city council permission to hold an assembly, parade, or demonstration.*

23. The Blackshear Code of Ordinances provides, in pertinent part, that it is "unlawful for any person to parade, assemble or congregate on any public street . . . or sidewalk" for the purpose of conducting an "[a]ssembly" or "[p]arade" without prior approval and authorization of the Blackshear City Council. Blackshear Code of Ordinances §§ 66-71, 66-72.

24. Obtaining the City Council's permission requires filing an application with the mayor identifying the "time, place and purpose" of the activity. Blackshear Code of Ordinances § 66-73.

25. The ordinances define "assembly" and "parade" to reach "any *group of persons* who assemble or congregate" or who are "marching or promenading" on "any public street . . . or sidewalk in the city for the purpose of displaying, advertising,

promoting, exhibiting, advocating, or otherwise attracting public attention or for any cause or thing." Blackshear Code of Ordinances § 66-71 (emphasis added).

26. The ordinances bear the same constitutional defects as the ordinance struck down in *Shuttlesworth v. Birmingham*, 394 U.S. 147, 153–54 (1969).

27. The text of the ordinances at issue is attached as **Exhibit "A."**

## CAUSE OF ACTION
### As-Applied First Amendment Challenge to Blackshear Code of Ordinances §§ 66-71 to 66-73 (42 U.S.C. § 1983)

28. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as if restated here.

29. The public parks, streets, and sidewalks of the City of Blackshear, including the sidewalks in front of Blackshear City Hall, are traditional public fora, immemorially held in trust for the use of the public to communicate thoughts or discuss public questions.

30. Gray's expressive activity, holding a political sign in front of a public building, is core political speech protected by the First Amendment.

31. Members of the public have a clearly established First Amendment right to engage in expressive activities in traditional public fora without obtaining advance permission from government officials. *Shuttlesworth v. Birmingham*, 394 U.S. 147, 150–51 (1969).

32. Gray's expression falls within the ordinances' scope of expressive activity consisting of the display, advertisement, promotion, exhibition, advocacy, or drawing public attention to a cause.

5

33. Gray's actions do not fall within the ordinance's definitions of an "assembly" or "parade," and therefore the ordinances did not apply to Gray.

34. In enforcing the ordinances against Gray, Chief Wright violated Gray's First Amendment rights by prematurely ending Gray's expressive activity, chilling his ability to speak further, issuing him a criminal citation, and asserting under color of law that Gray's expressive rights are conditioned on the prior approval of city officials.

35. Any reasonable officer would or should have known that the ordinances did not apply to Gray and that even if they did apply to Gray, the ordinances were unconstitutional.

36. Gray is entitled to declaratory relief, compensatory damages, nominal damages, and the reasonable costs of this lawsuit, including his reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Gray respectfully requests that this Court enter judgment against Defendant Wright and issue the following forms of relief:

A. Declare that Chief Wright's application of Blackshear Code of Ordinances §§ 66-71 and 66-72 violated Gray's rights under the First Amendment to the U.S. Constitution;

B. Award compensatory damages, including at least nominal damages, for the violation of Gray's First Amendment rights;

C. Award reasonable attorneys' fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable law; and

    D.    Award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In compliance with Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

DATED:    January 31, 2023

Respectfully submitted,

*/s/ Clare Norins*
CLARE NORINS
Georgia Bar No. 575364
FIRST AMENDMENT CLINIC
University of Georgia
School of Law
Post Office Box 388
Athens, Georgia 30603
Tel:    (706) 542-1419
cnorins@uga.edu

ADAM STEINBAUGH*
PA Bar No. 326475; CA No. 304829
HARRISON ROSENTHAL*
KS Bar No. 28894; MO No. 72990
JAMES M. DIAZ*
VT Bar No. 5014
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION
510 Walnut Street; Suite 1250
Philadelphia, PA 19106
Tel:    (215) 717-3473
Fax:    (267) 573-3073
adam@thefire.org
harrison.rosenthal@thefire.org
jay.diaz@thefire.org

**Pro Hac Vice* motions forthcoming*

*Counsel for Plaintiff Jeffrey Gray*